UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAKESHA M. BEARD, individually and on behalf of others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 3:07-0934 JUDGE ECHOLS |
| VANDERBILT MORTGAGE AND FINANCE, INC., ) ) ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is Defendant Vanderbilt Mortgage and Finance, Inc.'s ("Defendant's ) Motion To Dismiss Or, In The Alternative, For A More Definite Statement (Docket Entry No. 8), to which Plaintiff Lakesha M. Beard ("Plaintiff") filed a response in opposition (Docket Entry No. 18) and Defendant filed a Reply (Docket Entry No. 22). For the reasons stated below, Vanderbilt's motion to dismiss will be granted. All other pending motions in this lawsuit will be denied as moot.

## I. FACTS

Plaintiff is a Tennessee citizen. Defendant is a corporation organized under the laws of Tennessee with its principal place of business located in Tennessee. Plaintiff initially filed this purported class action lawsuit in the Chancery Court for Davidson County, Tennessee on August 17, 2007, and Defendant removed the action to this Court on September 18, 2007. (Docket Entry No. 1.)

Plaintiff alleges, upon information and belief, that on or about February 11, 2002, she purchased a used 1994 Clayton mobile home in a consumer goods transaction and signed a Retail Installment Sales Contract to finance the mobile home as collateral. (Complaint ¶ 15.) Thereafter Defendant accepted assignment of Plaintiff's Retail Installment Sales Contract and became the

secured party to the transaction. (Id. ¶ 16.) On or about December 27, 2004, Defendant caused Plaintiff's mobile home to be repossessed and Defendant thereafter sent Plaintiff a "Notice of Private Sale." (Id. ¶ 17.) Plaintiff further alleges, upon information and belief, that the "Notice of Private Sale" which Defendant sent to her, designated by Defendant as "Letter 141," is a form notice used by Defendant to advise consumer debtors residing in Tennessee and other states of its intention to sell repossessed mobile homes at private sale. (Id. ¶ 18.) Plaintiff also alleges upon information and belief that the "Notice of Private Sale" which was sent to her did not comply with Tenn. Code Ann. §§ 47-9-613 & 614, and Defendant sold Plaintiff's mobile home at private sale on or about March 8, 2006. (Id. ¶ 19-20.) Plaintiff claims she did not waive her right to be sent compliant notice in accordance with Tenn. Code Ann. §§ 47-9-613 & 614, and she is entitled to receive statutory damages as set forth in § 47-9-625(c)(2), plus any pre-judgment interest as may be allowed by law, due to Defendant's failure to send compliant notice. Plaintiff plans to seek certification of a Tennessee class of 6,200 potential putative class members and a nationwide class of 45,016 potential putative class members residing in other states.

## II. STANDARD OF REVIEW

Defendant seeks dismissal of Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) on the ground that her claim is time-barred. Whether a claim is barred by an applicable statute of limitations is a question of law. Brown v. Erachem Comilog, Inc., 231 S.W.3d 918, 921 (Tenn. 2007).

In evaluating the factual underpinning of the Complaint, the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for her entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."

2

Bell Atlantic Corp. v. Twombly, 550 U.S. —, 167 L.Ed.2d 929, 940 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. Id. at 940-942. A complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id. at 944; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

### III. ANALYSIS

Plaintiff contends that Tennessee law required Defendant to send her, as debtor, notice of its intent to dispose of her mobile home as repossessed collateral. Under Tenn. Code Ann. §§ 47-9-613 and 614, the secured party is required to send the debtor a notice of disposition that describes the debtor and the secured party; describes the collateral that is the subject of the intended disposition; states the method of intended disposition; states that the debtor is entitled to an accounting of the unpaid indebtedness and states the charge, if any, for an accounting; states the time and place of a public disposition or the time after which any other disposition is to be made; provides a description of any liability for a deficiency the debtor may face; gives a telephone number from which the amount that must be paid to the secured party to redeem the collateral under § 47-9-623 is available; and a provides a telephone number or mailing address from which additional information concerning the disposition and the secured obligation is available. Section 47-9-614 pertaining to consumer goods transactions provides that "[a] particular phrasing of the notification is not required." The statute provides a form which secured parties may use to comply with the statutes.

The UCC grants a statutory remedy to a debtor where the secured party fails to comply with §§ 47-9-613 and 614 in a consumer goods transaction. That provision reads in pertinent part as follows:

3

> **47-9-625. Remedies for secured party's failure to comply with chapter.--**
>
> . . .
>
> (c) PERSONS ENTITLED TO RECOVER DAMAGES; STATUTORY DAMAGES IN CONSUMER-GOODS TRANSACTION. Except as otherwise provided in § 47-9-628:
>
> . . .
>
> (2) if the collateral is consumer goods, a person that was a debtor . . . at the time a secured party failed to comply with this part may recover for that failure in any event an amount not less than the credit service charge plus ten percent (10%) of the principal amount of the obligation or the time-price differential plus ten percent (10%) of the cash price.

Tenn. Code Ann. § 47-9-625.

Defendant contends that § 47-9-625(c)(2) is a statutory penalty governed by the one–year statute of limitations in Tenn. Code Ann. § 28-3-104(a)(4) applicable to "[a]ctions for statutory penalties." Defendant argues that, taking the facts Plaintiff alleges in her Complaint as true, Defendant sent Plaintiff a Notice of Private Sale after December 27, 2004, and Defendant sold Plaintiff's repossessed mobile home at private sale on March 8, 2006. Defendant suggests the cause of action arose at the time Plaintiff received the Notice of Private Sale, which preceded the sale of the collateral, but even if the cause of action accrued only upon the sale of the collateral, Plaintiff did not bring this suit until August 17, 2007, more than one year after the Notice of Private Sale was sent and the sale occurred. Consequently, Plaintiff's claim is time-barred under § 28-3-104(a)(4) and the case should be dismissed for failure to state a claim under Rule 12(b)(6).

No Tennessee court has directly addressed the question whether the one-year limitations period of § 28-3-104(a)(4) applies to claims brought under § 47-9-625(c)(2). This Court draws guidance as to how the Tennessee state courts would likely resolve this issue, however, from cases decided in the Tennessee courts. The Tennessee Court of Appeals identifies the recovery that Plaintiff seeks under § 47-9-625(c)(2) as a "statutory penalty." In <u>Davenport v. Bates</u>, 2006 WL 3627875 at *11 (Tenn. Ct. App. 2006) (unpublished) (emphasis added), the appellate court wrote:

4

> When a secured party fails to comply with the statutory notice requirements, the debtor may recover damages for its loss. Tenn.Code Ann. § 47-9-625 (2001). However, if the collateral is "consumer goods," the debtor is entitled to recover a <u>minimum statutory penalty without regard to his actual loss or his ability to prove that he has been damaged at all</u>. ***Davenport v. Chrysler Credit Corp.,*** 818 S.W.2d 23, 31 (Tenn. Ct. App. 1991).

Elsewhere in the opinion, the court referred to § 47-9-625(c)(2) as providing for a "sizeable <u>statutory penalty</u>." <u>Id.</u> at *12 (emphasis added).

In the published case of <u>Davenport v. Chrysler Credit Corp.</u>, cited in <u>Bates</u>, the Tennessee Court of Appeals construed the "minimum penalty" of the former statute, Tenn. Code Ann. § 47-9-507(1). The court there wrote that, "[i]n cases involving consumer goods, debtors are entitled to recover <u>the statutory penalty</u> without regard to their actual loss or their ability to prove that they have been damaged at all." 818 S.W.2d at 31 (emphasis added). In <u>Davenport v. Chrysler Credit Corp.</u>, the court relied on four published cases from other jurisdictions, including <u>Gulf Homes, Inc. v. Goubeaux</u>, 664 P.2d 183, 186 (Ariz. 1983)(holding similar UCC statute "includes a consumer goods remedy in the nature of a penalty, legislatively adopted to discourage noncompliance by creditors."); <u>First Nat'l Bank v. DiDomenico</u>, 487 A.2d 646, 650 (Md. 1985) (remanding for consideration of statutory damages under the last sentence of § 9-507(1)); <u>Erdmann v. Rants</u>, 442 N.W.2d 441, 443, n.1 (N.D. 1989) (holding statute entitles debtor to a "minimum recovery" as a statutory penalty for creditor's failure to give notice notwithstanding commercial reasonableness and notwithstanding no actual loss, citing White and Summers, *Uniform Commercial Code*, § 27-18 at 623 (3rd ed. 1988)); and <u>First City Bank v. Guex</u>, 677 S.W.2d 25, 29 (Texas 1984) ("Obviously the drafters of the [UCC] intended to provide compensation for actual losses incurred when the secured party acted contrary to statute, or to penalize the secured party if the debtor suffered no losses or his losses were less than the statutory penalty. If it had been the intention of those drafters that there

5

be no compensation unless there were a loss, then it would have been unnecessary to add the last sentence to paragraph (1) of UCC 9-507.").

In Davenport v. Chrysler Credit Corp. 818 S.W.2d at 32, the Tennessee Court of Appeals also relied on three of its own unpublished cases in which the court "recognized that the remedy is available to debtors who prove that the secured party's conduct was contrary to the Uniform Commercial Code[,]" citing Edington v. City & County Bank, 1987 WL 12393 (Tenn. Ct. App. June 18, 1987); Bob Bales Ford, Inc. v. Martin, 1981 WL 138004 (Tenn. Ct. App. Feb. 4, 1981); and Provident Employees Credit Union v. Austin, 1981 WL 138032 (Tenn. Ct. App. Feb. 4, 1981). The Court follows these authorities from Tennessee and elsewhere to hold that § 47-9-625(c)(2) provides for a "statutory penalty" that is subject to the one-year statute of limitations found in § 28-3-104(a)(4). See Dawson v. Advance Mortgage Corp., 556 S.W.2d 761, 762 (Tenn. 1977) (holding one-year limitations period for statutory penalties was correctly applied in case involving violation of Retail Installment Sales Act). As Defendant points out, Plaintiff did not file suit within one year after Defendant sent her a "Notice of Private Sale" or within one year of the sale of her mobile home. She also does not suggest any basis for equitable tolling. Therefore, Plaintiff's claim is time-barred, and the Court will dismiss this case with prejudice under Rule 12(b)(6) for failure to state a claim.

Plaintiff contends that the statute does not use the term "statutory penalty," but refers only to "statutory damages." She asserts that the primary purpose of § 47-9-625(c)(2) is remedial, not penal. Thus, she urges the Court to follow cases holding that a longer statute of limitations should apply. She suggests application of the limitations period found in Tenn. Code Ann. § 28-3-105(3), which provides that civil actions should be brought within three (3) years if they are "based upon the alleged violation of any federal or state statute creating monetary liability for personal services

6

rendered, or liquidated damages or other recovery therefor, when no other time of limitation is fixed by the statute creating such liability."

The Court cannot agree with the Plaintiff that § 47-9-625(c)(2) is primarily remedial in light of the Tennessee Court of Appeals cases describing that section as a "statutory penalty" and relying on cases like Gulf Homes, Inc., 664 P.2d at 186, which held that the UCC statute "includes a consumer goods remedy in the nature of a penalty, legislatively adopted to discourage noncompliance by creditors." Even Jenkins v. Hyundai Motor Financing Co., 389 F.Supp.2d 961, 972 (S.D. Ohio 2005), a case upon which Plaintiff heavily relies, recognized that the Ohio Supreme Court held in Kruse v. Voyager Ins. Co., 648 N.E.2d 814 (Ohio 1995) that the statutory damages available under the UCC statute are "in the nature of punishment imposed upon the secured party" and the statute is penal, not remedial in nature. The Ohio federal district court did not follow Kruse, but saved the Plaintiff's claim by holding that the UCC statute was remedial as well as penal because the consumer could seek actual and statutory damages. Jenkins, 389 F.Supp.2d at 972.

This Court chooses to follow the lead of the Tennessee courts. Because the Tennessee Court of Appeals has labeled § 47-9-625(c)(2) a "statutory penalty," and the Tennessee Supreme Court has sanctioned application of the one-year limitations period in a similar context in Dawson, the Court concludes that the Tennessee courts very likely would also apply the one-year limitations period found in § 28-3-104(a)(4) to causes of action brought under § 47-9-625(c)(2).

### IV. **CONCLUSION**

Taking the facts of the Complaint as true, Plaintiff's claim for statutory damages under § 47-9-625(c)(2) is time-barred under § 28-3-104(a)(4). Consequently, Defendant's motion to dismiss for failure to state a claim will be granted. Because of the dismissal, it is unnecessary for the Court

7

to address any other issues raised in the motion to dismiss or in other motions brought before the Court. All other pending motions will be denied as moot.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE